Geraldine Kelley DARDEN,
Petitioner–Appellant,

v.

Gwendolyn MITCHELL, Warden,
Respondent–Appellee.

No. 05–17390.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 2007.

Filed Jan. 24, 2007.

---

Geraldine Kelley Darden, Chowchilla, CA, pro se.

Christopher W. Grove, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: GOODWIN and W. FLETCHER, Circuit Judges, and HOLLAND *, District Judge.

## MEMORANDUM **

Geraldine Darden ("Darden") appeals the district court's denial of her habeas petition brought under 28 U.S.C. § 2254. Following a California state court trial, Darden was convicted of second degree murder for the fatal shooting of Cherisse Wilson ("Wilson"). Darden raises three challenges in her habeas petition. All fail, and are addressed in turn.

■ First, Darden argues that the erroneous inclusion of intent to kill as an element of the lower offense of voluntary manslaughter was constitutional error under *Mullaney v. Wilbur*, 421 U.S. 684, 704, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). *Mullaney*, however, is implicated when the government is unlawfully relieved of its burden of proof, not because an additional element is added to an offense. *Id.*

Even if a constitutional violation were present, any error was harmless under *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). The alleged error did not have a "substantial and injurious effect or influence in determining the jury's verdict" because we conclude that the jury's finding of second-degree murder "was not substantially swayed" by the erroneous inclusion of an intent to kill element in the lower offense of voluntary manslaughter.[1] *Id.* at 642, 113 S.Ct. 1710; *see also Sullivan v. Loui-*

---

* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Darden argues that habeas relief for the erroneous instruction is appropriate under a second theory, namely that the voluntary manslaughter instructions deprived her of instructions on her theory of defense. *Conde v.*

*Henry*, 198 F.3d 734, 739 (9th Cir.1999). Darden concedes that this second theory relies on the same conclusion that the instruction was erroneous under *Mullaney*, 421 U.S. at 704, 95 S.Ct. 1881. We are unconvinced that a federal error is present, but even if the instructions violated Darden's constitutional rights, the error is harmless under *Brecht*, 507 U.S. at 638, 113 S.Ct. 1710, for the reasons stated above.

*siana,* 508 U.S. 275, 279, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (internal quotation marks and citation omitted) (examining the "basis on which the jury actually rested its verdict" to determine harmlessness). The strength of the evidence supporting an intent to kill eliminates any potential prejudice to Darden. *See Inthavong v. Lamarque,* 420 F.3d 1055, 1060–61 (9th Cir. 2005) (holding that the court "will often make numerous independent evaluations about the weight and sufficiency of the various items of evidence, the inferences to be drawn, and the different theories of the case" in the harmlessness inquiry). During their argument, Darden approached Wilson while carrying a loaded gun in her purse, and then shot Wilson in the neck at close range in a manner strongly suggesting that the safety had been previously disengaged.

■ Second, Darden argues that her due process rights were violated by the trial court's refusal to give perfect and imperfect self-defense instructions. However, due process is implicated only when a defendant fails to receive an instruction to which she is entitled. *Hopper v. Evans,* 456 U.S. 605, 611, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982). Because substantial evidence of a fear of "imminent danger to life or great bodily integrity" did not exist, Darden was not entitled to any self-defense instructions under California law. *See People v. Lemus,* 203 Cal.App.3d 470, 476, 249 Cal.Rptr. 897 (Cal.Ct.App.1988). The state court did not unreasonably apply clearly established federal law by denying Darden's habeas petition based on the trial court's refusal to give self-defense instructions. *See Williams v. Taylor,* 529 U.S. 362, 405–07, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

■ Last, Darden argues that she is entitled to habeas, or in the alternative, an evidentiary hearing, under her alleged ineffective assistance of counsel claim. Dar-

den, however, has not "alleged facts that, if proven, would entitle [her] to habeas relief" so an evidentiary hearing is not warranted. *Williams v. Woodford,* 384 F.3d 567, 586 (9th Cir.2004) (citation omitted). Darden's trial counsel's performance was not ineffective for failure to investigate "reaction-response times" research in shootings because it did not "fall below an objective standard of reasonableness ... measured against the prevailing legal norms of the time of representation." *Wiggins v. Smith,* 539 U.S. 510, 522–23, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The state court's denial of Darden's habeas petition and request for an evidentiary hearing based on her ineffective assistance of counsel claims was not an objectively "unreasonable application" of clearly established federal law. *Williams,* 529 U.S. at 409, 120 S.Ct. 1495.

The district court properly denied Darden's habeas petition.

AFFIRMED.